**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CAMARION BEAL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-00495-MTS |
| ANDREW GREENMAN, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court on initial review pursuant to 28 U.S.C. § 1915(e)(2) is self-represented Plaintiff Camarion Beal's civil rights Complaint. Doc. [1]; *see also id.* § 1915A(a). Based upon an initial review of the complaint, the Court will dismiss this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court also will deny Plaintiff's Motion for Leave to Amend the Complaint, Doc. [13], because he failed to comply with multiple Local Rules, and, in any event, amendment would be futile.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees if it is frivolous, malicious, or fails to state a claim on which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## Background

On August 03, 2017, in the Twenty-Second Judicial Circuit Court of Missouri, a jury found plaintiff guilty of murder in the first degree, domestic assault in the first, second, and third degree, and two counts of armed criminal action. *See State v. Beal*, Nos. 1522-CR04275-01 & 1522-CR01258-01 (Mo. Cir. Ct.). A Twenty-Second Judicial Circuit judge sentenced Beal to life imprisonment without parole on the murder charge and shorter prison terms for the remaining counts. A panel of the Missouri Court of Appeals unanimously affirmed Beal's conviction and sentence on appeal. *See State v. Beal*, 572 S.W.3d 163, 164 (Mo. Ct. App. 2019) (per curiam) (consolidated appeal of ED106095 & ED106096). Beal then filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, which the trial court denied. *Beal v. State of Missouri*, 1922-CC11043 (Mo. Cir. Ct., Dec. 10, 2024), *appeal docketed*, ED113244 (Mo. Ct. App. 2025). An appeal from that denial currently is pending in the Missouri Court of Appeals. *Id.*

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against twelve Defendants involved in the investigation and prosecution of his underlying criminal conviction. He

sues the following individuals he identifies as officers of the St. Louis Metropolitan Police Department: Ryan Gibbons, Gregory Klipsch, Michael Strong, Andrew Greenman, Kevin Malone, and Samuel Dotson.  He also names as Defendants the following individuals he identifies as employees of the St. Louis Circuit Attorney's Office: Allison Bishoff, Jaclyn Kinkade, Jennifer Joyce, and Kimberly Gardner.  Finally, he names as Defendants the St. Louis Metropolitan Police Department and the Director of Public Safety of City of St. Louis.  He sues all these Defendants in their individual and official capacities.

Plaintiff's thirty-one-page complaint contains a nineteen-page, handwritten, single-spaced detailed narrative of Plaintiff's version the police investigation of his criminal charges, the evidence presented at trial, and the allegations of what he maintains is Defendants' conspiracy to falsely arrest and prosecute him.  Plaintiff alleges illegal search and seizure, false arrest, failure to protect, failure to train, and failure to investigate against the police Defendants.  He alleges malicious prosecution against the Circuit Attorney's Office Defendants.  He complains of flaws in the investigation and prosecution and states that he has "been wrongly accused and convicted of a crime [he] didn't commit."  Doc. [1] at 26.  Finally, he references violations of his rights to due process and equal protection.  The gist of his allegations is that the victim that a jury convicted Plaintiff of killing was instead killed by an unknown suspect and that the police failed to properly investigate and identify this suspect.  For relief, Plaintiff seeks $25 million in damages and for his conviction to be vacated and set aside.

**Discussion**

Even assuming Plaintiff has stated a plausible claim for relief, *see Iqbal*, 556 U.S. at 678–79, his claims fail. All his possible claims are either barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or are time barred. The Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff in an action under 42 U.S.C. § 1983 must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486–87. That simply is not the case here, and, therefore, most of Plaintiff's claims fail.

To be sure, *Heck* does not bar every possible constitutional claim surrounding a conviction. If a plaintiff's action, even if successful, would "not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* at 487. So, for example, "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Id.* n.7. The problem for Plaintiff, though, is that any of his claims that *Heck* does not presently bar would be time barred.

Plaintiff's allegations show that his conviction stems from 2015 shootings that resulted in the death of the victim and the subsequent investigation into those crimes. Plaintiff was arraigned on charges for his crimes in 2015, and a jury found him guilty of

his crimes in 2017. Any claims he had that are not barred by *Heck*—*see, e.g.*, *id.*; *Wallace v. Kato*, 549 U.S. 384, 391 (2007) ("statute of limitations on petitioner's § 1983 claim commenced to run when he appeared before the examining magistrate and was bound over for trial"); *Rassier v. Sanner*, 996 F.3d 832, 837 (8th Cir. 2021) (quoting *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) ("Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur."))—are time barred.[1] *See Jones v. Frost*, 770 F.3d 1183, 1185 (8th Cir. 2014) (state law personal injury statutes of limitation apply to a plaintiff's claims under 42 U.S.C. § 1983); *see also* Mo Rev. Stat. § 516.120 (five-year statute of limitation for Missouri's general personal injury claims); *id.* § 516.140 (three-year statute of limitations for various claims including injurious falsehood, false imprisonment, and malicious prosecution).

Plaintiff also has moved for leave to file an amended complaint. *See* Fed. R. Civ. P. 15(a). The Court will deny that Motion. *See* E.D. Mo. L.R. 4.07 (motion for leave to amend must underline all new material and strike through all removed material); *id.* at 2.06(A) (all actions brought by self-represented plaintiffs must be filed on Court-provided forms); *see also Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (district court may properly deny leave to amend complaint when proposed amendments would be futile).

---

[1] *See Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (per curiam) (while statute of limitations is affirmative defense, district court may properly dismiss in forma pauperis complaints before service when it is apparent from face of complaint that statute of limitations has run).

## Conclusion

Because all of Plaintiff's claims are either barred by *Heck* or are time barred, the Court will enter an Order of Dismissal dismissing this action. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (explaining that "a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed"). Though some of Plaintiff's claims are time barred and would be in any future action as well,[2] the Court will dismiss the action without prejudice for any possible claims that Plaintiff could have if he successfully challenges the legality of his confinement. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (modifying dismissal to be without prejudice so that plaintiff could "refile his complaint should he succeed in challenging the legality of his continued confinement through appropriate state or federal remedies").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend, Doc. [13], is **DENIED**.

Dated this 5th of February 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] There are other reasons that at least some of Plaintiff's claims here would fail. *See, e.g.*, *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003))).